STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-06-35

SKS - KEN - 10/23/2006

WILLIAM D. NEILY,

Petitioner

v.

DECISION ON APPEAL

MAINE LABOR RELATIONS
BOARD,

Respondent

DONALD L. GARBRECHT
LAW LIBRARY

JAN 1 5 2007

This matter comes before the court on the petition for review of final agency action brought by petitioner Neily pursuant to 26 M.R.S.A. § 979 and M.R. Civ. P. 80C. Because the court finds no insufficient findings, abuse of discretion or error of law, the decision of the agency will be affirmed.

## Background

The background for this appeal can be found in collective bargaining between the State of Maine ("State") and the Maine State Employees Association ("MSEA"). Pursuant to these negotiations, in the spring of 2001 a market pay analysis was made of certain positions in state government for the purpose of adjusting the pay for those positions. The study led to a memo of agreement between the State and MSEA dated June 1, 2001, the contents of which led to pay adjustments in certain of those positions. The final Collective Bargaining Agreement for that period was approved and funded by Public Law 2001, Chapter 438, entitled "An Act To Fund the Collective Bargaining Agreements and Benefits of Employees Covered by Collective Bargaining and For Certain Employees Excluded From Collective Bargaining." A provision of the enabling legislation includes the follows:

SEC. A-6. New employees; similar and equitable treatment. Employees in classifications included in bargaining units referred to in section 1 and 2 of this Part but who are excluded from collective bargaining pursuant to the Maine Revised Statutes, Title 26, section 979-A, subsection 6, paragraphs E and F must be given equitable treatment on a pro rata basis similar to that treatment given employees covered by the collective bargaining agreements.

In mid-July 2002, a new position of Boiler Inspector was created subject to the Collective Bargaining Agreement. On November 2, 2002, the petitioner was hired for a position as Boiler Inspector at a pay rate apparently established through bargaining when it was established four months earlier. In July 2005, the petitioner for the first time had an opportunity to see the study conducted in the spring of 2001. On October 14, 2005, the petitioner filed a prohibited practices complaint with the Maine Labor Relations Board ("MLRB") requesting that the MLRB order the State to perform an evaluation of his job classification for market pay adjustment. Specifically, the petitioner alleges that the State and MSEA each failed to bargain in good faith over wages as required by 26 M.R.S.A. § 979-D(1)(E)(1), by refusing to perform a market analysis or bargain for a wage change for his job, as he asserts is required under P.L. 2001, ch. 438.

The State and MSEA each filed a motion to dismiss before the MLRB on the grounds that the complaint was (1) time-barred and (2) that the petitioner lacked standing to allege a violation of the State's duty to bargain in good faith. Following hearing, the executive director of the MLRB issued a decision granting the motions to dismiss on the basis that they were time-barred under the six-month limitation period of the applicable statute and noting that even if the complaint was not time-barred, the petitioner did not have standing to enforce violation of the duty to bargain. From these decisions, the petitioner took a timely appeal.

## Discussion

The key to the petitioner's argument is his reading of chapter 438 such that the legislature created an ongoing obligation on the part of the State and MSEA to conduct additional market analyses for job applications that did not exist at the time of the 2001 Collective Bargaining Agreement. This reading is not only critical to the petitioner's arguments on the merits, but it also plays a part in his argument concerning the timeliness of his complaint of violations of the State Employees Labor Relations Act. The argument is: (1) chapter 438 created a right to a pay market analysis of the petitioner's job classification, which was never done; (2) the petitioner only learned of this asserted right in the summer of 2005; therefore (3) his complaint cannot be time-barred because he filed his complaint within six months of learning of the failure of the State and MSEA to perform the market pay analysis. However, it would follow that if there never was a right to the market pay analysis, there was no right for the petitioner to learn of in the summer of 2005 and the question of timeliness becomes moot.

The standard of review in agency appeals pursuant to M.R. Civ. P. 80C is whether the record contains competent and substantial evidence that supports the decision of the agency, whether the agency abused any discretion and whether the agency committed any error of law in reaching its conclusion. In the present appeal, there appears to be no question concerning the facts or any discretionary decision, and the only points of review are whether the MLRB erred as a matter of law in concluding that the complaint was not timely and that the petitioner lacks standing to bring the complaint. Because the court agrees with the MLRB on both issues, the decision will be affirmed.

With regard to the statute of limitations issue, the State Employees Labor Relations Act contains a six-month limitation period. Since there was clearly more than six months between the creation of the petitioner's petition and the date of his complaint, he would be out of luck unless he can establish some excuse or defense to save his complaint. The petitioner's argument here is that he did not learn about the market pay analysis and agreement until mid-2005, so that the tolling clock would not begin running until that date. The whole argument becomes rather circular and dependent upon whether the petitioner ever really had the right to such market analysis as a matter of law under the contract or enabling legislation. Review of those documents reveals that the MLRB made no error or law in determining that such right never existed.

Nothing in the Collective Bargaining Agreement, the separate agreement on market analysis, or the enabling legislation created an ongoing duty for the State and MSEA to conduct continuing market analysis of pay positions. The Collective Bargaining Agreement was for a discreet period and the supplemental market analysis was also for discreet positions within the time period of the contract. That portion of the contract which calls for similar and equitable treatment of new or excluded employees creates no new rights for the petitioner or any employees similarly situated. Thus, incorporated within the MLRB's decision with regard to the statute of limitations is a decision which answers the ultimate question, and this answer was not an error of law.

The decision of the MLRB with regard to the petitioner's standing likewise presents no error of law. The statutory duty to bargain runs exclusively between the bargaining agent (MSEA) and the employer (State). Contrary to the petitioner's argument, the refusal to perform a market analysis of his job classification does not

implicate a refusal to bargain. If there ever was a right to such review, which there was not, such failure would be a failure to implement the contract, not a failure to bargain. As such, the petitioner's complaint would become a grievance subject to hearing under a process set forth in the contract, as opposed to a prohibited practice which is within the MLRB's jurisdiction to hear.

For either or both of the reasons stated above, the entry will be:

Agency decision is AFFIRMED.

Dated: October 23, 2006

S. Kirk Studstrup
Justice, Superior Court

Date Filed __5/23/06__ ____Kennebec____ Docket No. __AP06-35__

County

Action ____Petition for Review____

80C

# J. STUDSTRUP

____William D. Neily____ VS. ____Maine Labor Relations Board____

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| William D. Neily, Pro Se<br>47 A North Street<br>Gorham, Maine 04038 | Lisa Copenhaver, Esq.<br>90 State House Station<br>Augusta, Maine 04333-0090<br><br>Joyce A. Oreskovich (State of Maine)<br>Bureau of Employee Relations<br>79 SHS<br>Augusta, ME 04333-0079 |

| Date of<br>Entry | | M.S.E.A.          Roberta L. De Araujo<br>P.O. Box 1072      65 State Street<br>Augusta, ME  04332-1072 |
|---|---|---|

| Date of Entry | |
|---|---|
| 5/23/06 | Petition for Review of Maine Labor Relations Board, Dismissal of Complaint, filed. s/Neily, Pro Se |
| 6/1/06 | Letter entering appearance, filed. s/Copenhaver, Esq. |
| 06-06-06 | Received and filed by Joyce Oreskovich, Chief counsel for the Bureau of Employee Relations and Entry of Appearance on behalf of State of Maine. |
| 06-12-06 | Received and filed on 06-08-06 by Roberta L. de Araujo on behalf of Maine State Employee Association, SEIU Local 1989 ("MSEA") her entry of Appearance as of this date. |
| 6/21/06 | Certified Record, filed. s/Copenhaver, Esq. |
| 6/22/06 | Notice of briefing schedule mailed to atty and Pltf. |
| 6/27/06 | Brief in Support my Petition for Review of Maine Labor Relations Board Decision, filed. s/Copenhaver, Esq. |
| 07-28-06 | Received and filed by Roberta Araujo on behalf of Maine State Employees Association A Brief of Respondent.<br>Received and filed by Lisa Copenhaver on behalf of Maine Labor Relations Board A Brief and Appendix of Respondent.<br>Received and filed by Joyce Oreskovich on behalf of State of Maine, Chief Counsel A Brief Seeking Affirmance of the The Maine Labor Relations Board's decision of case. |
| 8/8/06 | Reply Brief in Support my Petition for Review of Maine Labor Relations Board Decision in Case No.06-13, filed. s/Neily, Pro Se |
| 8/31/06 | Documents, filed. s/Neily, Pro Se |
| 9/6/06 | Oral arguments with Justice Kirk Studstrup, presiding.<br>William Neily, Pro Se Petitioner and Lisa Cohenhaver, Esq. Roberta DeAragujo, Esq. and Joyce Oreskovich, Esq. for the Respondent.<br>Oral arguments made to the court. Court to take matter under advisement. |